UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARGARET A. BURDICK,

        Petitioner-Plaintiff,

-against-

BATH CENTRAL SCHOOL DISTRICT,
BATH CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION and JOSEPH L.
RUMSEY, in his official and individual capacity,

        Respondents-Defendants.

Civil Action No.:
6:19-cv-6426 (EAW)

# PETITIONER-PLAINTIFF'S MEMORANDUM OF LAW
# IN OPPOSITION TO SECOND MOTION TO DISMISS

William F. Ryan, Jr., Esq.
*Attorney for Petitioner-Plaintiff*
**TABNER, RYAN & KENIRY, LLP**
18 Corporate Woods Boulevard, Suite 8
Albany, New York 12211
(518) 465-9500
wfr@trklaw.com

February 14, 2023

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 6

ARGUMENT .............................................................................................................................. 7

    I. MS. BURDICK'S COMPLAINT IS SUFFICIENTLY PLEADED ................................ 7

        A. First Amendment Retaliation Claim .......................................................................... 7

        B. Civil Service Law § 75-b ........................................................................................... 9

    II. THE COLLATERAL ESTOPPEL DOCTRINE DOES NOT APPLY ........................ 10

CONCLUSION ........................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Abdelal v. Kelly*, 726 Fed. Appx. 8 * (2d Cir. 2018) .................................................................. 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................... 6

*Brass v. American Film Technologies, Inc.*, 987 F. 2d 142 (2d Cir. 1993) ................................. 6

*Chamberlin v. Jacobson*, 260 A.D.2d 317 (1st Dept. 1999) ...................................................... 15

*Gemerek v. Buffalo Sewer Auth.*, 2011 U.S. Dist. LEXIS 80866 * (W.D.N.Y. July 25, 2011) ... 12

*Hicks v. Baines*, 593 F. 3d 159 (2d Cir. 2010) ........................................................................... 8

*Ifedigbo v. Buffalo Public Sch.*, 2018 U.S. Dist. LEXIS 39982 (W.D.N.Y. Mar. 12, 2018) ........ 12

*In re Kowaleski*, 16 N.Y.3d 85 (2010) ....................................................................................... 14

*Jones v. Town of Whitehall*, 2015 U.S. Dist. LEXIS 99234 * (N.D.N.Y. July 30, 2015) ............ 14

*Leonard F. v. Israel Discount Bank of New York*, 199 F. 3d 99 (2d Cir. 1999) ............................ 6

*Lilley v. Greene Central School District*, 168 A.D. 3d 1180 (3d Dept. 2019) ........................ 9, 14

*Maher v. Town of Stony Point*, 2018 U.S. Dist. LEXIS 169722 * (S.D.N.Y. Sept. 29, 2018) .... 11, 13, 14

*Mendez v. Barlow*, 2008 U.S. Dist. LEXIS 38545 * (W.D.N.Y. 2008) ........................................ 12

*Morey v. Somers Cent. Sch. Dist.*, 2007 U.S. Dist. LEXIS 20265 * (S.D.N.Y. Mar. 21, 2007) .. 12

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) ......................... 11, 12, 13

*Mulvaney v. City of Rochester*, 2019 U.S. Dist. LEXIS 86498 * (W.D.N.Y. May 22, 2019) 12, 13

*Olutosin v. Lee*, 2016 U.S. Dist. LEXIS 64661* (S.D.N.Y. 2016) ....................................... 8, 9, 10

*Scott v. Coughlin*, 344 R. 3d 282 (2d Cir. 2003) ......................................................................... 7

*Shara v. Maine-Endwell Central School District*, 46 F. 4th 77 (2d Cir. 2022) ............................ 7

*Smith v. County of Suffolk*, 776 F.3d 114 (2d Cir. 2015) ........................................................... 11

**Statutes**

New York Civil Service Law § 75-b ............................................................................ 9, 10, 13, 14

New York Education Law § 3001 ............................................................................................ 3

New York General Municipal Law § 803 (1) ............................................................................ 3

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 1

## PRELIMINARY STATEMENT

Petitioner-Plaintiff Margaret A. Burdick ("Plaintiff") submits this memorandum of law in opposition to the motion of Respondents-Defendants Bath Central School District ("District"), Bath Central School District Board of Education ("Board"), and Joseph Rumsey, the District Superintendent, in his official and individual capacities (collectively, "Defendants"), to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth in the Complaint, this case arises from the abrupt abolition of Ms. Burdick's tenured position as Business Administrator for the District following some nine years of faithful service. (Ryan Decl. **Exhibit A**; Complaint ¶¶ 11, 16.) The Complaint alleges in detail that her initially positive working relationship with Defendant Rumsey became more tense after she began to raise concerns about a number of issues and practices in the District. (Complaint ¶ 17.) These included the hiring of uncertified teachers and various conflicts of interest. (Complaint ¶¶ 18-43.) Defendant Rumsey generally rebuffed her concerns, and at one point even interposed himself between her and the Board by telling her that she was not to raise the issue of hiring of uncertified teachers with anyone in the future. (Complaint ¶ 32.) Ms. Burdick did, however, raise concerns not only with Defendant Rumsey, but also at least one Board member. (Complaint ¶ 25.) In addition, Defendant Rumsey subjected Ms. Burdick to humiliating remarks, which also had a chilling effect on her willingness to continue to raise concerns about the various unlawful and improper practices at the District. (Complaint ¶ 45.)

All of this is context for the District's actions in January 2019, when Ms. Burdick's position was abolished, she was required to vacate her office and she was placed on administrative leave. (Complaint ¶¶ 46-53.) Although the Board characterized the move as a "Layoff Due to Economic Reasons," (Complaint ¶ 52), the District prepared no supporting

1

economic analysis, and the termination of Ms. Burdick was the only layoff adopted at the January 30, 2019 Board meeting. (Complaint ¶ 54.) Moreover, the District actually incurred added costs from the move. (Complaint ¶ 55.)

In its motion, Defendants request the Court to apply the doctrine of collateral estoppel to Ms. Burdick's First Amendment retaliation and Civil Service Law Section 75-b whistleblower claims based upon the decisions of the New York State Supreme Court for Steuben County and the New York State Supreme Court, Appellate Division, Fourth Department, and dismiss her Complaint.

For all of the reasons set forth below, Defendants' motion should be denied.

## STATEMENT OF FACTS

Ms. Burdick began service as Business Administrator for the District on July 16, 2010. (Complaint ¶ 11.) The Business Administrator, with a number of other District officials, reports directly to the Superintendent. (Complaint ¶ 13.) Superintendent, Joseph Rumsey ("Rumsey"), began service in or around January 2013 and has served continuously ever since. (Complaint ¶ 15.) Petitioner initially enjoyed a positive working relationship with Rumsey. But, over time, the relationship became more tense as he failed to offer proper administrative support and then became more strained as she raised concerns about a number of issues and questionable practices at the District. (Complaint ¶ 17.)

Petitioner's Exposure of Illegal Practices

Over the course of her tenure, Petitioner became aware of various practices within the District that she understood to be unlawful. (Complaint ¶ 24.) Petitioner raised these concerns with Rumsey and at least one member of the Board. (Complaint ¶ 25.) Instead of being praised for bringing these issues to light, however, Petitioner was subjected to harsh language and ridicule and ultimately silenced. (Complaint ¶ 25.)

2

Hiring of Uncertified Teachers

New York State Education Law, Section 3001 generally mandates, with limited exceptions, that teachers possess certification in order to be eligible to teach in the public schools. (Complaint ¶ 26.) In or around late 2016, Petitioner learned from another District official that a then-current teacher for the District had been hired by Rumsey without the required certification from the New York State Department of Education. (Complaint ¶ 28.) Petitioner subsequently contacted the then-Board president, who arranged a meeting among Rumsey, Petitioner and himself at Rumsey's office in or around June 2017. (Complaint ¶ 28.) At the June 2017 meeting, among other things, Petitioner expressed her concern that the hiring of an uncertified teacher was unlawful. (Complaint ¶ 29.) Rumsey's response was intimidating. Among other things, he ripped an organizational chart off of the wall and pointed out that Petitioner was subordinate to him. (Complaint ¶ 30.) He also stated in substance that he was free to decide whom to hire. (Complaint ¶ 30.) Not only did Rumsey rebuff Petitioner's attempt to redress the illegal hiring, but he further admonished her that she was not to raise the issue of hiring uncertified teachers with anyone in the future. (Complaint ¶ 32.) He thus effectively barred her from raising any future concerns about such hiring with the Board. (Complaint ¶ 32.)

Conflict of Interest Issues

In addition, Petitioner expressed concerns to Rumsey about various instances of apparent conflicts of interest involving District personnel, only to be rebuffed in a similar manner. (Complaint ¶ 37.)

Both Section 803(1) of the General Municipal Law and the District's Code of Ethics broadly require any District officer or employee to disclose any interest in any agreement with the District. (Complaint ¶ 38.) Petitioner learned of circumstances that she believed involved

3

prohibited conflicts of interests involving District funds and property. She similarly learned of circumstances that she believed involved employees' use of their work time and District property to further their personal outside business interests. (Complaint ¶ 39.)

In the June 2017 meeting discussed above, Petitioner also expressed her concern to Rumsey concerning a teacher who received financial benefits from a school event. His response reflected that he was aware of the situation. Without offering any justification for the practice, he told her in substance that she should not worry, that 'everyone does it,' and that the Board would be informed. (Complaint ¶ 40.)

Petitioner also expressed to Rumsey on multiple occasions in 2017 and as late as September 2018 her concern about another school instructor who was conducting work for a personal business on school time and utilizing the school's computer systems to do so. Rumsey again dismissed her concerns. (Complaint ¶ 41.) Petitioner's concerns were well-founded, as she learned of at least two other instances in which District personnel were benefitting personally from financial transactions with the District. Petitioner raised these instances with Rumsey around the time of an audit in July 2018. He dismissed her concerns. (Complaint ¶ 42.)

Petitioner also discussed with Rumsey on January 20, 2019, her concerns about an apparent conflict in connection with another contract, in light of comments that he had made at a Board meeting the preceding day. She noted that (i) he had renewed the contract on his own in the absence of a request for proposal, in violation of District policy; and (ii) it appeared that an interest in the contract had not been fully disclosed. Without disputing the facts, Rumsey said that it needed to be looked into, but otherwise dismissed Petitioner's concerns. (Complaint ¶ 43.)

<u>Humiliating Remarks</u>

4

Apart from Rumsey's intimidating and dismissive comments, he publicly humiliated her in an attempt to diminish her willingness to raise concerns. In one meeting with personnel of an elementary school, he referred to her as the "business bitch." In another meeting, he introduced her with words to the effect that "I'd rather chew my arm off than hear from [Petitioner], but she is here to talk about . . . ." (Complaint ¶ 44.) These and other remarks and practices were not only hurtful to Petitioner, but also had a chilling effect on her willingness to continue to raise concerns about the various unlawful and improper practices at the District. (Complaint ¶ 45.)

The Abrupt Elimination of Petitioner's Position

Without any warning, the District terminated her position in January 2019. (Complaint ¶ 46.) On January 25, 2019, Mr. Rumsey nonetheless proceeded to call Ms. Burdick into his office, gave her letters advising that her position was being abolished and directed her to leave the premises immediately. (Complaint ¶¶ 51.) So ended Ms. Burdick's nearly decade-long tenure at the District.

The Board ratified the action at a special meeting on January 30, 2019, stating that the abolition of her position was due to economic reasons. (Complaint ¶ 52.) The Board adopted a related resolution, placing Petitioner on paid leave of absence from January 28, 2019 through June 30, 2019, on the recommendation of Rumsey. (Complaint ¶ 52.) At the same January 30, 2019, special meeting, the Board approved hiring Ms. Lovejoy as interim business administrator effective February 1, 2019 through June 30, 2019, to perform the same duties that Ms. Burdick had performed. (Ryan Decl. **Exhibit B**). The District's purported economic reasons for abolishing Ms. Burdick's position is belied by the fact that hiring Ms. Lovejoy as interim business administrator to finish out the 2018-2019 fiscal year meant that the District had to incur

5

additional costs, as it had to continue to pay Ms. Burdick through June 30, 2019. (Ryan Decl. **Exhibit C**).

## STANDARD OF REVIEW

To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Twombly*, 550 at 570. Determining whether a complaint states a plausible claim for relief requires a Court to draw on its judicial experience and common sense . . . "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."

When determining the sufficiency of plaintiff's claims under Rule 12(b)(6), the Court may consider the factual allegations in the complaint, which are accepted as true; documents attached to the complaint as an exhibit or incorporated in it by reference; and matters of which judicial notice may be taken. *See Leonard F. v. Israel Discount Bank of New York*, 199 F. 3d 99, 107 (2d Cir. 1999); *Brass v. American Film Technologies, Inc.*, 987 F. 2d 142, 150 (2d Cir. 1993). Additionally, the Court may consider integral documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing the suit. *See Brass v. American Film Technologies, Inc.*, 987 F. 2d at 150.

## ARGUMENT

### I. MS. BURDICK'S COMPLAINT IS SUFFICIENTLY PLEADED

#### A. First Amendment Retaliation Claim

To properly assert a First Amendment retaliation claim, a plaintiff has the burden of demonstrating; "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Scott v. Coughlin*, 344 R. 3d 282, 287 (2d Cir. 2003).

First, Ms. Burdick has sufficiently pleaded that her speech was protected. A public employee's speech is protected under the First Amendment where the employee spoke as a citizen rather than solely as an employee and spoke on a matter of public concern. *Shara v. Maine-Endwell Central School District*, 46 F. 4th 77, 82-83 (2d Cir. 2022). Ms. Burdick alleges in her complaint that she voiced her concerns to both Mr. Rumsey and members of the Board about the District's improper hiring and compensation of uncertified teachers as well as conflicts of interest by District personnel. (Complaint ¶¶ 28, 29.) Review of Ms. Burdick's complaint shows that her responsibilities as Business Administrator did not include verifying teacher's certification status or monitoring personnel conduct. (Complaint ¶ 12.) Moreover, these issues are clearly a matter of public concern because they involve the District's policy requiring proper certification of teachers within the District, as well as the District's Code of Ethics requiring personnel to disclose any interest they may have in agreements with the District and improper use of District resources. (Complaint ¶¶ 26, 27, 38.) This speech is clearly protected by the First Amendment.

Second, Ms. Burdick has sufficiently pleaded that the District took an adverse action against her. "Alleged acts of retaliation need to be considered both separately and, in the aggregate, as even minor acts of retaliation can be sufficiently substantial in gross" as to be an

7

adverse employment action. *Hicks v. Baines*, 593 F. 3d 159, 165 (2d Cir. 2010). Ms. Burdick's complaint provides details of several instances over the years where she questioned Mr. Rumsey's and the District's improper actions, eliciting Mr. Rumsey's humiliating remarks and conduct towards her. (Complaint ¶¶ 30, 32, 35, 40, 44.) Finally, the District's elimination of her tenured position deprived her of her means of livelihood. (Complaint ¶ 46.)

Third, Ms. Burdick's complaint sufficiently pleads the causal connection between her complaints to Mr. Rumsey and the Board and the timing of the elimination of her position. Causation can be shown either: (1) indirectly, by showing that the protected speech or conduct was followed closely by an adverse action, or through other circumstantial evidence such as disparate treatment of fellow employees who engage in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Hicks v. Baines*, 593 F. 3d 159, 170 (2d Cir. 2010).

Here, Ms. Burdick's complaint provides details of a discussion with Mr. Rumsey on January 20, 2019, where she raised concerns about his violation of District policy in renewing a contract. (Complaint ¶ 43.) On January 25, 2019, less than a week after she raised concerns about his improper contract renewal, Mr. Rumsey informed Ms. Burdick that her position was being eliminated. (Complaint ¶ 47.) Thereafter, in a special meeting on January 30, 2019, the Board eliminated her position upon the recommendation of Mr. Rumsey. (Complaint ¶ 52.) An inference can be made that there is a causal connection between Ms. Burdick's complaints and the elimination of her position. *See e.g., Olutosin v. Lee*, 2016 U.S. Dist. LEXIS 64661 at *32-33 (S.D.N.Y. 2016) ("[a] court is free to 'exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases.'").

Upon review of Ms. Burdick's complaint, it is clear that she has sufficiently pleaded each element of her First Amendment retaliation claim to withstand a motion to dismiss.

**B. Civil Service Law § 75-b**

To properly assert a whistleblower claim under Civil Service Law § 75-b, "a plaintiff must allege: (1) an adverse personnel action; (2) disclosure of information to a governmental body (a) regarding a violation of a law, rule, or regulation that endangers public health or safety, or (b) which the plaintiff reasonably believes to be true and which she reasonably believes constitutes an improper governmental action; and (3) a causal connection between the disclosure and the adverse personnel action." *Lilley v. Greene Central School District*, 168 A.D. 3d 1180, 1182 (3d Dept. 2019).

Ms. Burdick has pleaded sufficient facts in her complaint to state a Civil Service Law § 75-b whistleblower claim. As explained above, Ms. Burdick has pleaded that the District took an adverse action against her by eliminating her tenured position and depriving her of a means of livelihood. (Complaint ¶ 46.) She also alleges in her complaint specific incidents where she raised concerns to Mr. Rumsey and the Board about what she reasonably believed to be violations of State Education Law, General Municipal Law, and District policies. (Complaint ¶¶ 28, 40, 41, 43.) Ms. Burdick's complaint sufficiently pleads the causal connection between her complaints to Mr. Rumsey and the Board and the timing of the elimination of her position creating an inference of retaliation. (Complaint ¶¶ 47, 52.) *See Olutosin v. Lee*, 2016 U.S. Dist. LEXIS 64661 at *33 (S.D.N.Y. 2016) ("[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action.") (citations omitted). Furthermore, for all of the reasons set forth with respect to Ms. Burdick's First Amendment retaliation claim, there is no basis to dismiss her Section 75-b claim. *See*

*Maher*, 2018 U.S. Dist. LEXIS 169722, at *38 ("The Court further finds that Plaintiff has satisfied the causation prong under § 75-b for the reasons stated in the analysis of Plaintiff's First Amendment claim."); *see also Jones*, 2015 U.S. Dist. LEXIS 99234, at *24 (rejecting defendant town's argument that it was entitled to summary judgment on plaintiff's Section 75-b claim "because the Town chose to out-source [the plaintiff's] position as a cost-saving measure").

Ms. Burdick has pleaded the elements of her whistleblower claim with sufficient facts to support them in order to successfully state a claim.

## II. THE COLLATERAL ESTOPPEL DOCTRINE DOES NOT APPLY

Collateral estoppel, or issue preclusion, applies only if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Abdelal v. Kelly*, 726 Fed. Appx. 8 at *11 (2d Cir. 2018) (internal citations omitted). In order for an issue to have been actually litigated, "it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." *Olutosin v. Lee*, 2016 U.S. Dist. LEXIS 64661 at *12 (S.D.N.Y. 2016). The burden of showing that the issues are identical and previously decided rests on the party asserting application of collateral estoppel, while the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues rests with the party opposing it application. *Abdelal* at 11.

Defendants fail to meet their burden of showing that the Article 78 proceeding actually and necessarily decided the issue of whether Defendants eliminated Ms. Burdick's position in retaliation for her complaints and concerns about improper conduct by the Defendants. Defendants obtained an order in the Supreme Court precluding Ms. Burdick from introducing evidence of retaliatory motive, neither the Supreme Court nor the Fourth Department ever reached the issue of retaliatory motive. Having obtained preclusion of evidence of retaliation,

10

Defendants cannot now seek preclusion of the issue in this Court based upon the findings in the prior proceedings.

With regard to First Amendment retaliation, Defendants conflate the causation standard with the affirmative defense set out in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). To satisfy the causation element, "a plaintiff must show that the protected speech was a substantial motivating factor in the adverse employment action." *Smith v. County of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (internal quotation marks and citations omitted). "[O]nce the employee has established a prima facie case, the employer may still be entitled to summary judgment based on the Mount Healthy defense by demonstrating by a preponderance of the evidence that it would have taken the same adverse employment action even in the absence of the protected conduct." *Id.* at 119 (internal quotation marks and citations omitted).

Thus, contrary to Defendants' assertion, the State Supreme Court's and the Fourth Department's findings that the District eliminated Ms. Burdick's position for cost savings purposes does not preclude a finding that Ms. Burdick's protected conduct was also "a substantial motivating factor." *See Maher v. Town of Stony Point*, 2018 U.S. Dist. LEXIS 169722, at *31 (S.D.N.Y. Sept. 29, 2018) ("In any event, Defendant's evidence that the Town Board was motivated by potential cost savings does not preclude a finding that the Town Board *also* acted with impermissible motives or was otherwise influenced in its actions.") (emphasis in original).

Here, nothing in the State Supreme Court and Fourth Department decisions constitute a finding on whether Ms. Burdick's First Amendment activity was a "substantial motivating factor." The issue was simply not before either court. As such, the issue was not "actually litigated." *Morey v. Somers Cent. Sch. Dist.*, 2007 U.S. Dist. LEXIS 20265, at *22 (S.D.N.Y.

11

Mar. 21, 2007). Moreover, the issue was not "necessarily decided." *Gemerek v. Buffalo Sewer Auth.*, 2011 U.S. Dist. LEXIS 80866, at *22 (W.D.N.Y. July 25, 2011). Even given its broadest reading, the State Supreme Court and the Fourth Department decisions simply held that (1) the Defendants eliminated Ms. Burdick's position for cost savings; and (2) the Defendants did not eliminate Ms. Burdick's position as a subterfuge to deprive her of her right as a tenured employee to a hearing under Education Law Section 3020-a prior to termination. Neither finding is inconsistent with a further finding that First Amendment retaliation was a "substantial motivating factor."

Moreover, Defendants' reliance upon the *Mt. Healthy* affirmative defense is misplaced for the simple reason that it cannot serve as the basis for dismissal pursuant to Rule 12(b). A court may consider on a motion to dismiss an affirmative defense only "if the defense appears on the face of the complaint." *Mendez v. Barlow*, 2008 U.S. Dist. LEXIS 38545, at *13 (W.D.N.Y. 2008) (internal quotation marks and citation omitted). As such, a substantive affirmative defense that requires an evidentiary showing cannot be the basis for dismissal, but rather must be considered on a motion for summary judgment. *See Mulvaney v. City of Rochester*, 2019 U.S. Dist. LEXIS 86498, at *11 (W.D.N.Y. May 22, 2019) (holding that "Defendants' reliance on the burden-shifting framework articulated in the McDonnell-Douglas case . . . is not applicable on a motion to dismiss . . . . If defendants desire to submit evidence showing that elimination of plaintiff's position was not due to his age, they may do so at the summary judgment stage").

Indeed, the court's decision in the principal case upon which Defendants rely, *Ifedigbo v. Buffalo Public Sch.*, 2018 U.S. Dist. LEXIS 39982 (W.D.N.Y. Mar. 12, 2018), underscores this very point. There, the plaintiff filed an Article 78 proceeding challenging his termination, and then filed a federal court action asserting discrimination claims based upon the termination. In

refusing to apply collateral estoppel, the court noted that the state court had not made findings relating to discriminatory motive. *Id.* at *19. While it is true that the court went on to apply the state court findings in assessing the plaintiffs' claims on the merits, the court did so in the context of a summary judgment motion. *Id.* at *27; *see also Maher*, 2018 U.S. Dist. LEXIS 169722, at *32 (considering, and rejecting, *Mt. Healthy* affirmative defense in the context of a summary judgment motion).

That Defendants cannot rely upon the *Mt. Healthy* affirmative defense is even more manifest here, because the record is devoid of any evidence on the issue presented by the affirmative defense, namely, whether Defendants would have abolished Ms. Burdick's position notwithstanding her protected First Amendment activity. As such, there is absolutely no basis to dismiss Ms. Burdick's First Amendment retaliation claim.

As explained above, Ms. Burdick was precluded from introducing evidence of retaliatory motive in her Article 78 action. For the same reasons collateral estoppel does not apply to the causation issue in Ms. Burdick's First Amendment retaliation claim, it likewise does not apply to the causation issue in her Section 75-b claim. In this regard, Defendants similarly misstate the causation standard under Section 75-b of the New York State Civil Service law. "To assert a claim under § 75-b, a plaintiff must allege: (1) an adverse personnel action; (2) disclosure of information to a governmental body (a) regarding a violation of law, rule or regulation that endangers public health or safety, or (b) which []he reasonably believes constitutes an improper governmental action; and (3) a causal connection between the disclosure and the adverse personnel action." *Mulvaney v. City of Rochester*, 2019 U.S. Dist. LEXIS 86498, at *22 (W.D.N.Y. May 22, 2019) (quoting *Maher*, 2018 U.S. Dist. LEXIS 169722, at *10 (S.D.N.Y. Sept. 29, 2018)).

Courts have repeatedly rejected the very argument that Defendants advance here. *See Maher*, 2018 U.S. Dist. LEXIS 169722, at *39 ("Defendant's argument that so long as there is 'any legitimate independent basis for terminating . . . Plaintiff, . . . the Town is entitled to summary judgment on Plaintiff's § 75-b claim,' . . . is misplaced. '[T]his argument is inconsistent with § 75-b's remedial purpose and contravenes § 75-b's federal counterparts.'") (quoting *Jones v. Town of Whitehall*, 2015 U.S. Dist. LEXIS 99234, at **24-25 (N.D.N.Y. July 30, 2015) and citing *In re Kowaleski*, 16 N.Y.3d 85 (2010)). In fact, the Court of Appeals in *Kowaleski* expressly held that even where an employee is guilty of misconduct, "a separate determination regarding the employer's motivation in bringing the action is necessary if section 75-b is to truly 'establish[] a major right for employees – the right to speak out against dangerous or harmful employer practices'" *Kowaleski*, 16 N.Y.3d at 92 (quoting Governor's Approval Mem., Bill Jacket, L. 1984, ch 660, at 5).

The cases that Defendants cite are not to the contrary. In fact, in *Lilley v. Greene Cent. Sch. Dist.*, 168 A.D.2d 1180 (3d Dept. 2010), the trial court had dismissed the plaintiff's Section 75-b claim based upon its finding that the plaintiff's putative misconduct "sufficed as a separate and independent basis for the adverse action . . . ." *Id.* at 1182. Citing *Kowaleski*, *Jones* and *Maher*, the Appellate Division reversed and held that to "ensure against pretextual dismissals" the trial court was required to make the "separate determination" required by *Kowaleski* "even assuming that the General Municipal Law violation is ultimately demonstrated . . . ." *Id.* Here, as explained above, it was Defendants who successfully precluded from the Article 78 record any evidence with respect to retaliation, and State Supreme Court and the Fourth Department therefore made no "separate determination," or indeed any determination, as to whether the stated purpose of cost savings was pretextual. As such, *Chamberlin v. Jacobson*, 260 A.D.2d

14

317 (1st Dept. 1999), is in apposite in that the court simply affirmed a finding after a full (and not truncated) Article 78 proceeding that the petitioner's retaliation evidence was lacking.

The doctrine of collateral estoppel is not applicable in the case at bar because the issue of retaliatory motive, which determination is necessary in both Ms. Burdick's claims, was not litigated or even mentioned in either the State Supreme Court or the Fourth Department decisions.

## CONCLUSION

For all of the reasons set forth above, Ms. Burdick respectfully requests that the Court deny Defendants' motion as set forth herein, together with such other and further relief as the Court may direct.

Dated: February 14, 2023
       Albany, New York

                        **TABNER, RYAN & KENIRY, LLP**

                        _William F. Ryan, Jr._
                        William F. Ryan, Jr., Esq.
                        *Attorney for Petitioner-Plaintiff*
                        18 Corporate Woods Blvd.
                        Albany, New York 12211
                        (518) 465-9500
                        wfr@trklaw.com

TO:   Charles C. Spagnoli, Esq.
        *Attorney for Defendants*
        Ferrara Fiorenza PC
        5010 Campuswood Avenue
        East Syracuse, New York 13057
        (315) 437-7600
        ccspagnoli@ferrarafirm.com